IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.A. MISSION CORPORATION, a California corporation; AZAR ASSOCIATES, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>BP WEST COAST PRODUCTS LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. C 18-03456 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND CLAIM FOR RELIEF** |

**INTRODUCTION**

In this action arising under the Petroleum Marketing Practices Act, defendant moves to dismiss plaintiff's second claim for relief seeking to quiet title, rendering a restrictive covenant on plaintiff's land unenforceable. For the reasons stated below, defendant's motion is **GRANTED**.

**STATEMENT**

Plaintiff S.A. Mission Corporation (owned by Naifeh Azar) owns and operates an ARCO-branded gas station and am/pm mini market. In August 2006, S.A. Mission, by assignment from plaintiff Azar Associates, LLC (also owned by Naifeh Azar), and defendant BP West Coast Products ("BPWCP") entered into two franchise agreements — a Contract Dealer Gasoline Agreement ("the gas agreement") and an am/pm Mini Market Agreement ("the am/pm agreement") (Dkt. Nos. 1 ¶ 11; 18 ¶ 1, Exh. 1, 2). In March 2007, Azar Associates

purchased the station's real property from BPWCP, subject to a restrictive brand covenant prohibiting the sale of motor fuel or operation of a convenience store or fast food restaurant under an agreement other than with BPWCP for twenty years from March 2007 (Dkt. No. 18, Exh. 3 ¶ 2; Azar Decl. ¶ 5). Azar Associates' second claim for relief seeks quiet title and requests declaratory judgment that it owns the land in fee simple (Dkt. No. 1 at 1–2). BPWCP's instant motion concerns only this claim.

This order follows full briefing and oral argument, followed by expedited discovery, supplemental briefing, and three subsequent evidentiary hearings.

# ANALYSIS

### 1. AZAR ASSOCIATES' CLAIM IS RIPE.

The threshold issue of ripeness must be addressed first. The contract dispute between the parties over the restrictive covenant is not an abstract or hypothetical disagreement. This is a contract dispute where the parties' interests are adverse, and a decision will affect the parties' financial interests. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 671 (9th Cir. 2005). BPWCP argues that whether the restrictive covenant will even be enforced is based on contingent future events, and is thus nonjusticiable (Dkt. No. 31 at 7). Courts, however, do not "require Damocles' sword to fall before we recognize the realistic danger of sustaining a direct injury that is the heart of the constitutional component of ripeness." *City of Auburn v. Qwest Corp.*, 260 F.3d 1160, 1172 (9th Cir. 2001) (overruled on other grounds).

Because BPWCP seeks to terminate the franchise agreements, the threat is very real, and therefore the controversy is ripe. Indeed, but for the September 7 order herein, the franchise would have been terminated (Dkt. No. 42). As the issue is ripe for review, this order now addresses BPWCP's motion to dismiss Azar Associates' quiet title action for failure to state a claim upon which relief can be granted.

### 2. AZAR ASSOCIATES' SECOND CLAIM FOR RELIEF FAILS TO STATE A VALID CLAIM.

To state a claim to quiet title under California law, a complaint must include: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date

as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. CAL. CODE CIV. PROC. § 761.020; *Milyakov v. Quality Loan Serv. Corp*, No. C 17-06533 WHA, 2018 WL 732500, at *5 (N.D. Cal. Feb. 6, 2018). Here, the complaint has satisfied these requirements (Dkt. No. 1 at 7, 10).

Azar Associates contends that this resolves the matter and that further inquiry into the enforceability of the restrictive covenants is inappropriate at the pleading stage (Dkt. No. 38 at 6). Not so.

Merely satisfying the barest technical requirements of pleading does not foreclose further analysis at the motion to dismiss stage. As here, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Here, Azar contends that the restrictive covenant is invalid and unenforceable because the terms are unconscionable (Dkt. No. 63 at 2). In addressing restrictive covenants, California law treats deed restrictions like any other contract. *City of Manhattan Beach v. Superior Court*, 13 Cal. 4th 232, 238 (1996). For the unconscionability doctrine to apply, the contract must be both procedurally and substantively unconscionable. *Armendirez v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000) (emphasis added). "The former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Ibid*.

Azar Associates' claim of substantive unconscionability, however, falls flat as numerous courts have upheld similar restrictive covenants in the petroleum franchise business.

For example, in *Boughton v. Socony Mobil Oil Co.*, 231 Cal. App. 2d 188, 190 (1964) (collecting cases upholding property use restrictions), the California Court of Appeal found a similar restrictive covenant reasonable and enforceable. The grantee in *Boughton* agreed to a restrictive covenant in the deed conveying the property that prevented the sale of petroleum products on the land for twenty years from June 1959 to November 1979. *Id.* at 190. There, the court rejected the grantee's claim that the restrictive covenant was invalid and unenforceable and upheld it because the restriction did not imply a monopoly, was limited in scope, and did

3

not bar the franchisee from pursuing other business — even similar ventures — elsewhere. *Id.* at 192–93.

Here, like *Boughton*, the restriction limits Azar Associates' commercial use of the property for twenty years from 2007 and requires Azar Associates (or his assignees) to purchase minimum quantities of BPWCP's products pursuant to their franchise agreement (Dkt. No. 1 at 3–4). The restriction is limited to the property in question and nowhere professes to restrict Azar Associates' business at other locations (*id.* at 13–14). As a point of distinction, it is unclear whether the deed in *Boughton* was subject to a right of first refusal, as is the case here (albeit set out in a separate agreement). To eliminate this distinction, however, BPWCP has stipulated that it will not exercise its right of first refusal for the property (Dkt. No. 103 at 2).

Regarding the potential future sale of the land, Azar Associates argues that "[n]o one in their right mind and senses would pay millions of dollars for real property improved with a convenience store and service station and then agree to a provision that prohibits them from being able to use the property as a convenience store and service station at the whim of her franchisor" (Dkt. No. 63 at 5). Yet Azar Associates apparently thought otherwise when it agreed to the terms when it purchased the land. As did other franchisees in the other cases, including *Boughton*, only to take issue with the deal after the business relationship soured. This tends to show the commercial reasonableness of restrictions like this, and cuts against a finding of unconscionability.

The Court is surprised that California law came out the way it did in *Boughton*, because California has generally resisted restraints on alienation and covenants that restrict the livelihood of its citizens, especially since the restriction here at issue could stand for twenty years. Nevertheless, we must follow *Boughton*.

**CONCLUSION**

For the foregoing reasons, BPWCP's motion to dismiss Azar Associates' second claim for relief is **GRANTED**. Azar Associates may seek leave to amend the complaint to state additional facts that might invalidate the restrictive covenant and will have until **JANUARY 24** within which to file a motion, noticed on the normal 35-day track, for leave to file an amended

4

complaint.  The motion must include a proposed amended complaint (and a redlined copy) and must explain why the new pleading overcomes all deficiencies pointed out, including any raised by BPWCP that this order need not reach.  Azar Associates must plead its best case.

**IT IS SO ORDERED.**

Dated:  January 3, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE